Good morning. Good morning, Your Honors. May it please the Court, Elizabeth Richardson Royer on behalf of the applicant, Fernando Ponce Garcia. I plan to reserve two minutes, but I will watch the clock. Okay. 28 U.S.C. Section 2255 H.2 sets forth a four-pronged test that a petitioner has to satisfy in order to obtain authorization to file a second or successive petition. First, there has to be a new rule. Second, that's constitutional in nature. Third, that's been made retroactive to cases on collateral review by the Supreme Court. And fourth, that was previously unavailable. And in this case, the government does not dispute that Mr. Ponce Garcia has satisfied the first and the fourth prongs. So I plan to focus on the second and third, that is, whether the new rule in Dean was constitutional and whether it's been made retroactive. I think at the outset, it's worth noting what Mr. Ponce Garcia's burden is at this point, and that is to make a prima facie showing that he can satisfy the requirements of Section 2255 H.2. And this Court has emphasized that that's simply a sufficient showing of possible merit to warrant a district court's further investigation. So Mr. Ponce Garcia urges the Court to find that he's satisfied that relatively low burden here and permit him to file the second or second petition to allow the district court to reach the merits. That's assuming that the timeliness issues are dispelled or dispensed with because of Dean, right? That's right. We don't even get to your issue unless the timeliness issue is resolved, right? That's correct, Your Honor. And the government does not dispute that, assuming Dean announced a new rule, which the government seems to agree that it did, that the petition is timely. He filed his initial district court petition, I think, within a month after Dean was decided. So timeliness is not an issue so much as whether Dean announced the kind of rule that can. Well, I think as you started out and well said, we really have to find out whether it's constitutional. Right. And then we have to deal with the retroactivity aspect of it. Exactly. And I suppose as part of that, whether you fit into the two narrow exceptions in Teague. So why don't you start with the constitutional aspect of it? Okay. In Dean, the Supreme Court held that a district court judge is not precluded from considering the mandatory minimum under 924C when deciding upon the just sentence that complies with the parsimony principle. And the Supreme Court did not state that this is a rule of constitutional law. But nothing in the statute requires that the Supreme Court state that. And this Court is empowered to find that the rule is constitutional. Well, let's assume you're right for a moment that there's no requirement of express statement. I think you make the claim in your briefs that the whole thing sounds in due process. And yet the Supreme Court mentioned nothing about due process, did it? It did not, Your Honor. So how can it sound in due process if the Supreme Court didn't even address that? Well, this Court can find that the basis for the decision and the basis for Mr. Ponce Garcia's claim is constitutional in nature. And that's because when the Supreme Court empowered district judges to consider everything in making a sentence, it gave the district judges a discretion that then due process mandates they exercise. And that's true under Hixby, Oklahoma, under the due process clause. And so that's the basis of Mr. Ponce Garcia's claim, which is constitutional, is that he had a due process right not to be deprived of his liberty without having a district judge exercise the discretion that's been granted to it. But why isn't what the Supreme Court did a little bit like what happened in Booker, which was advisory? Why does it have to be constitutional? I'm not following that. Well, I think in Booker and in Descomps also, I think those are two examples where the Court really narrowly said, you know, this is what the statutory language means. We grant the district judges, you know, this is what the statute allows them to do. And certainly there is a way that the Court could conclude that Dean is the same, and other circuit courts have done so, I think unanimously at this point. But Mr. Ponce Garcia's argument is that the Court does not need to read it that way and that the Court can find that the motivation and the underpinnings of the Dean decision were based in due process. Well, right now, let's just hypothetically talk about the retroactivity issue, as you intimated in Indigo. We now have, let's see how many circuits have dealt with this so far, the 3rd, the 4th, the 5th, the 6th, and the 11th. And all of the district courts whose cases we've looked at, not a single one agrees with you. They all say it's not retroactive. What's your response to that? I think in terms of retroactivity, it's not an obvious – this is not a case where I think we obviously have the better side of the argument. I think it's a close question. The fact that all of those courts have concluded to the contrary doesn't preclude this Court from reaching a different decision. You think the Ninth Circuit does things differently, maybe? I think in many cases the Ninth Circuit does do things differently. We've been told that. Right. I remember an employment discrimination case that our colleague Judge McHugh wrote several years ago about whether circumstantial evidence could prove employment discrimination. There were nine other circuits that said no. We said yes. It went to the Supreme Court, and unanimously they said we were right. So don't be afraid to try to convince us. Right. Well, and I think in terms of the retroactivity, I think this case is very much like Miller and what Miller did, which the Supreme Court – even though in Miller the Supreme Court said we are not taking any punishment away from the states. We are not saying that juveniles cannot be sentenced to LWOP. But later in Montgomery the Court said, well, that's a procedural rule, but it's retroactive because under Teague it falls into the second – the first Teague. But that's when the Supreme Court itself said it's retroactive. Right. And as you know, they didn't say that here. That's what's troubling. The Supreme Court, like in Johnson, clearly says, you know, this is retroactive. I mean, we – and however you characterize it, whether it's procedural or substantive, they said it was retroactive. Here they say no such thing. And do you agree that reasonable people could conclude that what they did here was strictly procedural? I do agree. But that's not the standard for when a second or successive petition should be authorized. The standard is whether anyone could agree that it is substantive. With respect, counsel, aren't you conflating the standard for whether you can file a second or successive petition with whether or not you have a timely right to do so? That's what at least I'm wrestling with here is I think you may meet the standard if you get past the timeliness argument, but you have to win on the Dean issue and its retroactivity to get there, right? Yes, Your Honor. And I think with respect to Dean, as Your Honor said, there's no Supreme – the Supreme Court didn't say it's retroactive. But in Tyler v. Cain, which is the case where the Supreme Court said we have to hold that it's retroactive, even in that case, the majority said that can be through a combination of holdings. And Justice O'Connor's concurrence really, you know, said it's relatively easy to satisfy that when you have a substantive rule. And so our position is that the rule is substantive here and that that satisfies the requirement that the Supreme Court has held it to be retroactive. You want to save time for rebuttal? I think you suggested you did. Thank you very much. Okay. Let's hear from the government. Good morning. Good morning, Your Honors. Laurel Montoy up here on behalf of the United States. May it please the Court, even though the defendant has a low burden, a prima facie case, the defendant or the Petitioner in this matter did not meet the standard. The strict gatekeeping standards under 2255H2 are not met by the Dean case, are not satisfied by the Dean case. It has to be a new rule of constitutional law, and it has to be made retroactive by the Supreme Court. And Dean fails on both counts. It is not — while it creates a new rule, it does not create a new constitutional rule because it's purely statutory construction and it deals with a plain reading of 922C and how it interrelates with 3553A. So it is not a new constitutional law. Similar — and also it was not made retroactive. There is nothing in the Dean decision that speaks to it being a constitutional rule or that it is made retroactive. And only the Supreme Court can make a rule — make a rule retroactive. This Court cannot reach that decision or that — make that ruling in a successive or second 2255 petition. Okay. Your opponent suggests that we can. Let's take for a moment the — if I — if you will, the gateway of Teague, which, of course, the Supreme Court created. There there are two narrow exceptions that we can look at. Your opponent argues that both those are satisfied to take care of the retroactivity issue. What's your response to her argument? My response is that this Court cannot make that decision. Teague — I believe it was Teague stated that time limitations dictate that on second or successive petitions that the Teague analysis must be left to the Supreme Court. On first petitions, the district court can make the retroactivity finding. But on a second or successive petition, Tyler mandates that only the Supreme Court can make a retroactive finding. So is it — is the government's position that the Ninth Circuit, in this case, has no authority to construe Dean and case law — or rather, Dean, in this case, to determine whether the four factors required here have been met? You're saying that we have to basically sit on our hands until the Supreme Court considers it and it decides. Is that right? Yes. That's an unusual position, isn't it? I think that it is fully supported by the case law and also by a reading of 2255H2. Well, I think you heard me say that the Third, Fourth, Fifth, Sixth, and Eleventh Circuit have already ruled that it isn't retroactive. Were they violating their duty by even considering it instead of letting the Supreme Court decide it? No, I don't believe so. I think that for them to say — Well, they had plenty of power to say that it wasn't retroactive. We have no power to say that it is. Correct. And your authority for that? I would go back to the Tyler case. You have a case, a Supreme Court case, that says that? I believe Tyler speaks to that. That's kind of strange, isn't it, with respect? I mean, as we both pointed out here, you've got these other courts of appeal who have considered the issue and they made a determination that you should like, that it's not retroactive. And yet they considered it. And you're telling us, if I understand your position correctly, that our court has no authority to even consider the issue. We have to wait for the Supreme Court to do it. And if we take that position, how does the Supreme Court even get it? Doesn't it have to come through us? The Supreme Court gets it on a — not a successive, but an original, an original 2255. So it doesn't even apply in a second or successive situation? No. Do you have any case law for that? I do not, Your Honor. I'd be happy to file a supplemental briefing on that, should the court desire. I've never heard that. I mean, I like to learn things. So maybe if you have such a case, you can send it to us. I would be happy to. Thank you. Okay. This particular argument you're making, was it authorized by the Solicitor General? I believe that it was. However, again, that's something I would be happy to give the court additional information on. Well, I'm just one judge up here. I don't know what my colleagues feel, but I would love to see that. I will research that, and I will give you the information, either yea or nay, in a supplemental briefing. Okay. Just to be sure you understand, my colleague's point is that any appeal that the government takes, I think almost without exception, has to be authorized by the Solicitor General's office. And the question is, what position were you authorized to take?  Yes. And since you're advocating a position that, at least to me, is novel, he and I are interested, and I imagine Judge Lynn is as well, interested in knowing whether the Solicitor General of the United States is taking the position that you are advocating or whether this is something that you personally are advocating and not necessarily on behalf and with authorization of the Solicitor General. I understand, and I will provide that information, yea or nay. And if I am mistaken, I will happily submit that to the court. Very well. Unless there's any further questions, I would yield. Any other questions? No. I think not. Thank you very much. Thank you very much. Thank you. Counsel, you have a little rebuttal time. Well, the government's position is that we shouldn't even be thinking about this. Do you agree with that? I do not. I don't want to waste a lot of time thinking about that or talking about that because the statute calls for the court of appeal to make the decision, and the courts do it all the time. Unless you want me to address that, okay. Go ahead with the points you wanted to make. Okay. I just wanted to come back to the issue of whether the new law is substantive and just point out the ways in which Dean is similar to Miller and to Johnson, because I think both of those cases are instructive and those are substantive and fell within the Teague exception. So in Miller, the court took off, you know, at least in Montgomery, the court construed Miller as ruling that juvenile defendants could not be sentenced to LWOP absent a finding that they fell within this small category of being incorrigible. Counsel, with respect though, Montgomery was the one that said it was retroactive, but it was the Supreme Court in that case that was saying, by the way, we've thought about this and we think Miller ought to be retroactive. But it was the Supreme Court saying it, not a court of appeal. Yes. Are you back to your position before the Supreme Court? I guess that's her position too, that only the Supreme Court can make that determination? No, Your Honor, because the Supreme Court has to make it retroactive, but it can do that through several decisions. And so our position is that in Dean, the court established a substantive right, and that Teague says that substantive rights are retroactive. And those two decisions combined allow this Court to find the new rule retroactive. Other questions about my colleague? Thank you. Thank you very much. Thank you both, counsel, for your argument. The case just argued is submitted.
judges: Hawkins, M. Smith, Jr., Lynn